Submitted on briefs March 27, affirmed April 10, 1928.

## C. L. HOLLIDAY *v.* DUNN & BAKER, INC.

(265 Pac. 1096.)

**Mines and Minerals—Damages for Innocent Conversion of Rock Used for Surfacing Highway Held Value When Ready for Use, Less Expense of Preparation.**

1. In action for conversion of rock used for surfacing highway, where defendants did not wilfully trespass on plaintiff's premises, but were there through innocent mistake made in pursuit of lawful

---

purpose, measure of damage was value of rock as it was ready for placing it upon road, less expense of preparing it for road.

**Mines and Minerals—Refusal to Permit Showing of Value of Converted Rock at Quarry Held not Error, Where Owner had not Shown There was No Market Value.**

2. In action for damages for conversion of rock, court's refusal to permit witness to answer question tending to show value of rock at quarry *held* not error, since before owner could show value other than market value it would have been necessary for him to have shown that there was no market value.

Appeal and Error, 3 C. J., p. 825, n. 53.
Mines and Minerals, 40 C. J., p. 923, n. 66.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

Plaintiff appeals from a judgment in his favor against the defendants for the sum of $508.68. He sued defendants for conversion of rock used for surfacing a state highway demanding judgment against defendants for the sum of $3,815.17. The amount of rock taken from the quarry is agreed upon. Plaintiff claims it to have been worth fifteen cents per cubic yard, while defendants claim it to be worth only two cents per cubic yard. Defendants also pleaded as an affirmative defense facts which they claim to estop plaintiff from recovering any sum whatever. The quarry in question seems to have been inclosed with a sixteenth section owned by one Benson who leased the quarry to defendants with the privilege of entering upon the premises, mining the rock and removing it for an agreed price of two cents per cubic yard for all rock removed. Plaintiff owns the sixteenth section adjoining the sixteenth section owned by Benson in the same section. A survey, unofficial, located the quarry on the land belonging to plaintiff. The jury evidently found that the quarry was situated in plaintiff's land but allowed plaintiff

the sum agreed upon by defendants and said Benson. The only issue between the parties in the trial court were joined by the plea of estoppel and the value of the rock. The jury found against defendants on the issue of estoppel and with them on the value of the rock.

Plaintiff complains of the rulings of the court in sustaining objections to questions propounded to two witnesses as to the value of the rock in question. Defendants are road contractors and at the time the rock was quarried and removed they were engaged in surfacing a part of the state highway extending from Ashland to Klamath Falls. Before entering upon the land they caused the same to be inspected and examined by a representative of the state highway department to ascertain the fitness of the rock for road building purposes and also for the purpose of acquiring the title to the rock in case it was adapted thereto. Defendants did not have the right of eminent domain but the state highway department had. There is no charge on the part of plaintiff that defendant wilfully trespassed on plaintiff's premises and it seems to be conceded that the mistake on defendant's part was an innocent mistake made in pursuit of a lawful purpose.

AFFIRMED.

For appellant there was a brief over the name of *Mr. W. P. Myers.*

For respondent there was a brief over the name of *Mr. W. S. Wiley.*

COSHOW, J.—1. The ruling of the court on admission of evidence was applied to questions intended to adduce from the witnesses the reasonable or market value of the rock in question. Defendants

objected to the form of the question because it did not take into consideration the expense of quarrying the rock and crushing it. Some of the remarks of the trial judge indicated that there had not been sufficient evidence of a market value for such material in that community to permit witnesses to testify as to the market value, but reading the entire record, including the colloquy between the court and the attorneys, we understand the ruling of the court to have been based upon the principle that the true measure of plaintiff's damages under the circumstances was the value of the rock in place or the value of the rock after the same had been severed from the soil, less the expense of severing it. Under the circumstances we think the true measure to be not the value of the rock as it was ready for placing on the road but that value less the expense of preparing it for the road: 26 R. C. L. 1154, § 70; 1 Suth. Dam. (2 ed.), 216, 217; 40 C. J. 923, § 476 (6). The plaintiff did not propound the question to that effect. In order to preserve his objection plaintiff submitted in writing what he proposed to prove by said witnesses. His statement is as follows:

"Now on this 10th day of July, 1926, and the plaintiff putting on his case and after leave of the Court first had and obtained to make an offer of proof in writing and file the same in the record the plaintiff offers to prove by the witness, L. K. Porter that he the said L. K. Porter is a contractor of about seven years experience and knows the reasonable market value of rock in the quarry similar to the rock in the quarry in question and that the reasonable market value of such rock located as the quarry in question is located was worth in 1923 the sum of 25 cents per cu. yd. and that the rock in the quarry in question was of the reasonable value in the year 1923

of 25 cents per cu. yd., which offer is refused by the Court and an exception allowed.

"The plaintiff further offers to prove by the witness C. P. Carlson that he has had twenty-five or thirty years experience in quarry work and rock values, that he now owns quarry no better and from which the rock is no better and no easier to remove than from the quarry in this action, that he has had said quarry leased for a period of seven consecutive years and that the same is now leased and that he knows the reasonable market value in 1923 of the rock in the quarry in question in this action and that said market value in 1923 was the sum of 25 cents per cu. yd., which offer was refused by the Court and an exception allowed."

2. It will be seen from this written proposition that the proposal was to show the value of the rock in the quarry. The question does not discriminate between the rock in place, and severed and crushed. In view of the fact that that was the objection made to the questions orally propounded to the witnesses and that the court ruled that the true measure of plaintiff's damages would be the value of the rock in the quarry less the reasonable expense of severing it and crushing it, we think that the court did not err in refusing to permit the witnesses to answer the question. Plaintiff should have framed the questions so as to get at the true measure of the damages. Before plaintiff could be permitted to show the value of the rock other than the market value thereof, it would have been necessary for him to have shown that there was no market value: *Swank* v. *Elwert,* 55 Or. 487 (105 Pac. 901). The true measure of damages was the rock in the quarry severed and crushed, less the expense of severing and crushing it: 40 C. J. 923, § 476 (6). Plaintiff did not seek by his questions to employ that standard.

Plaintiff also complains of some instructions given by the trial judge. His only assignment of error is the court's refusal to give instructions requested by plaintiff and the modification of other instructions requested by plaintiff. This exception is hardly definite enough to enable this court to be certain regarding the particular instruction objected to. Nevertheless we have carefully examined the instructions and believe the court gave more liberal instructions in plaintiff's favor in some respects than were requested by plaintiff and covered generally all of the instructions requested by plaintiff to which he was entitled. We find no reversible error in the record.

The judgment is affirmed.          AFFIRMED.